IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)** <br> 8000 East Jefferson <br> Detroit, Michigan 48214, <br><br> and <br><br> **UAW LOCAL 888,** <br> 1230 S. Market St. <br> Troy, OH 45373 <br><br> Plaintiffs, <br><br> v. <br><br> **DAP GLOBAL, INC.** <br> c/o Corporation Service Company <br> 3366 Riverside Drive, Suite 103 <br> Upper Arlington, OH 43221 <br><br> Defendant. | Case No. 3:22-cv-367 <br><br> COMPLAINT |

## NATURE OF THE ACTION

1. This is an action by a labor organization against an employer for breach of the Parties' Collective Bargaining Agreement and to compel the employer to process a grievance to arbitration pursuant to the procedure in the Parties' Collective Bargaining Agreement, which provides for grievances to be resolved by a labor arbitrator in final and binding arbitration. This action is brought pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, for an order compelling Defendant to arbitrate the grievance at issue between the parties.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. § 185, and under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES AND COLLECTIVE BARGAINING AGREEMENT

4. The Plaintiffs are labor organizations representing employees in industries affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152 and 185, and collectively represent employees within this judicial district, including production and maintenance employees of Defendant at Defendant's facility in Tipp City, Ohio, within this judicial district.

5. Defendant is an employer engaged in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152 and 185, doing business within this judicial district and operating a facility in Tipp City, Ohio, whose employees include the collective bargaining unit of production and maintenance workers represented by Plaintiffs.

6. Plaintiffs were originally certified as the exclusive bargaining representative of a unit of employees at Defendant's facility in Dayton, Ohio in 1964.

7. In approximately 1997, Defendant closed the Dayton, Ohio facility and the bargaining unit of employees represented by Plaintiffs was relocated to its facility in Tipp City, Ohio, where other non-unionized workers worked.

8. Plaintiffs and Defendant are the parties to a Collective Bargaining Agreement applicable to the collective bargaining unit of employees at Defendant's Tipp City facility as set forth in Article 2, Section 2.1.1 of the Agreement as follows:

> The Employer recognizes the Union as the sole bargaining agent for its production and maintenance employees (including part-time employees, if any, but excluding

    all employees employed by the DERUSTO-WOODLIFE Division of DAP) employed at its plant at 875 North Third Street, Tipp City, Ohio. This includes both those employees formerly employed at the Employer's 220 Janney Rd., Dayton, Ohio facility, which unit was certified by the National Labor Relations Board in Cases No. 9-RC-5748, dated March 4, 1964 and 9-RC-12128, dated August 11, 1977, and any production and maintenance employees (excluding DERUSTO-WOODLIFE, a Division of DAP, employees) hired at the 875 North Third Street, Tipp City, Ohio facility.

Attached hereto as Exhibit A is a true and accurate copy of the Collective Bargaining Agreement between the Plaintiffs and Defendant effective between March 23, 2018 and July 9, 2022.

## **BREACH OF AGREEMENT AND REFUSAL TO ARBITRATE**

9.  Article 18 of the Collective Bargaining Agreement contains the grievance procedure.

10.  The term "grievance" is defined in Article 18, Section 18.1.1, of the Collective Bargaining Agreement as "a claim or dispute which the Union or any employee has concerning the effect, interpretation or application of the terms of this Agreement."

11.  Article 18, Section 18.1.3 of the Collective Bargaining Agreement contains a multi-step process for grievance handling, culminating at Step 4 in final and binding arbitration.

12.  Article 2.1.1, set forth above, defines the Plaintiffs' bargaining unit as all production and maintenance employees employed at the Tipp City, Ohio facility excluding all employees employed by the DERUSTO-WOODLIFE Division of DAP.

13.  During bargaining for a successor Collective Bargaining Agreement, Plaintiffs sent Defendant numerous information requests seeking an explanation of how Defendant assigns work between the Plaintiff-represented bargaining unit employees and the non-union employees employed by the DERUSTO-WOODLIFE Division of DAP.

14.  In a response dated March 21, 2022, the Defendant informed the Plaintiffs for the first time that the DERUSTO-WOODLIFE Division of DAP no longer exists.

15. Subsequent to the March 21, 2022 information request response, Defendant hired approximately six (6) or (7) production and/or maintenance workers and did not place them into Plaintiffs' bargaining unit. Defendant did not notify Plaintiffs of the hires.

16. When Plaintiffs discovered the presence of the newly hired production and maintenance employees outside of the bargaining unit, they filed Grievance No. 073883 on or about May 3, 2022, requesting that the newly hired employees be placed in the bargaining unit and that the Defendant follow the Collective Bargaining Agreement going forward. A true and accurate copy of the Grievance is attached hereto and labeled Exhibit B.

17. The Defendant denied the Grievance at Steps 1-3 of the Parties' grievance procedure.

18. The Plaintiffs moved the Grievance to Step 4, arbitration, on June 15, 2022. A true and accurate copy of the Notice of Intent to Arbitrate is attached hereto and labeled Exhibit C.

19. Defendant has communicated its refusal to arbitrate the Grievance both by statements of its counsel and its refusal to strike the panel of arbitrators procured by the Plaintiffs pursuant to the Collective Bargaining Agreement.

20. The Grievance is both grievable and arbitrable pursuant to the terms of the Collective Bargaining Agreement.

## CLAIM FOR RELIEF
(Under Section 301 of the LMRA, 29 U.S.C. § 185)

21. Plaintiffs incorporate the allegations of Paragraphs 1 through 20, set forth above, as if fully restated herein.

22. By refusing to process Grievance No. 073883 filed on or about May 3, 2022, to arbitration, Defendant has breached and continues to breach the Collective Bargaining Agreement.

23. By refusing to arbitrate the Grievance and breaching the Collective Bargaining Agreement, Defendant is undermining the collective bargaining relationship and causing harm and damage to Plaintiffs and their members represented in the collective bargaining unit.

24. Plaintiffs requests this Court find Defendant to be in breach of the Collective Bargaining Agreement and compel Defendant to process Grievance No. 073883 filed on or about May 3, 2022, through the grievance procedure and arbitrate said grievance.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs International Union, UAW and UAW Local 888 pray that this Court:

1. Enter judgment in their favor and against DAP Global, Inc., finding that Defendant breached and continues to breach the Collective Bargaining Agreement;

2. Compel Defendant DAP Global, Inc. to process Grievance No. 073883 filed on or about May 3, 2022, to arbitration in compliance with the Collective Bargaining Agreement;

3. Direct Defendant DAP Global, Inc. to pay the attorney fees and costs incurred by Plaintiffs in prosecuting this lawsuit; and

4. Award such other relief as the Court determines appropriate.

Respectfully submitted,

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone: (614) 461-4455
Facsimile: (614) 621-6293
E-mail: kwatson@cloppertlaw.com
lhagar@cloppertlaw.com

Trial Attorneys for Plaintiffs

5